# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:17-CR-192** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LOUIS F. PETROSSI,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of March, 2018, upon consideration of the government's motion (Doc. 29) *in limine* seeking to preclude proposed expert and fact testimony by Douglas G. Murken ("Murken"), a witness offered by defendant Louis F. Petrossi ("Petrossi"), wherein the government argues: *first*, that Murken is not qualified to testify as a rebuttal expert on securities markets terminology because he is a tax attorney, (id. at 5-6); *second*, that Murken should be precluded from testifying as a fact witness on matters related to Murken's tax preparation for Chadwicke Partners LLC ("Chadwicke"), an entity allegedly established by Petrossi as a "purported investment fund[]," (id. at 2), because the indictment does not mention Chadwicke's 2015 tax returns and Murken has no relevant information to provide about any consequential facts, *viz.*, Petrossi's alleged representations to investors, (Doc. 42 at 8-9); and *third*, that Murken should be precluded from testifying as a fact witness as to any of Petrossi's out-of-court statements regarding the reasons for amending the Chadwicke 2015 tax returns because such statements are inadmissible hearsay which do not fall within the ambit of Federal Rule of Evidence 801(d)(2), (Doc. 29 at 6-7; Doc. 43 at 11-13), and the motion having been

fully briefed, (Docs. 29, 35, 43), and taking the government's arguments in turn: *first*, the court observing that, pursuant to Federal Rule of Evidence 702, a witness qualified as an expert may testify as to their opinion when: the expert's specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact of consequence; the expert's testimony is grounded in sufficient facts or data; and the expert's opinion derives from reliable principles and methods and results from a reliable application of said principles to the facts of the case, see FED. R. EVID. 702, and it appearing that Petrossi neither disputes that Murken lacks specialized knowledge on securities markets terminology nor provides evidence of Murken's qualifications regarding same, (see Doc. 35), and the court concluding that Murken shall not be permitted to testify as an expert on the subject of securities markets terminology; *second*, as to the government's argument that Murken should be precluded from testifying as a fact witness on matters related to preparation of Chadwicke's 2015 tax returns on relevancy grounds, the court noting that evidence is relevant if it renders a material fact either more or less probable than it would be absent the evidence, and relevant evidence is, as a general rule, admissible, FED. R. EVID. 401, 402, and the court observing that the relevance of Murken's lay testimony may not be ascertainable until conclusion of the government's case in chief, and the court further observing that the government's request is premature, as the court currently has no basis to assess probative value or the potential of the evidence to prejudice either party, confuse the issues, or mislead the jury, see FED. R. EVID. 401, 403, and that evidentiary determinations of this nature are best reserved for trial to allow the court to rule in proper context,

and the court concluding that the best and most appropriate course is to deny the government's motion in this respect without prejudice to the government's right to reassert its objection at a more appropriate time; and *third*, as to the government's request that the court prevent Murken from testifying as to Petrossi's alleged out-of-court statements regarding Chadwicke's 2015 tax returns, and the court noting that a statement made by an out-of-court declarant, offered to prove the truth of the matter asserted, is inadmissible hearsay, FED. R. EVID. 801, 802, and that an opposing party's out-of-court statement is not hearsay when offered against that opposing party, FED. R. EVID. 801(d)(2)(A), but the court finding that Murken's proffered testimony as to Petrossi's out-of-court statements made in connection with preparation of Chadwicke's 2015 tax returns, offered by declarant Petrossi *himself*, falls outside the scope of Federal Rule of Evidence 801(d)(2), and the court concluding that such out-of-court statements are inadmissible hearsay, it is hereby ORDERED that:

1. The government's motion (Doc. 29) *in limine* is GRANTED in part as follows:

    a. Murken shall not testify at trial as an expert witness on the subject of securities markets terminology.

    b. Murken shall not testify at trial as a lay witness as to any out-of-court statements made by Petrossi regarding the preparation of Chadwicke's 2015 tax returns.

2. The government's motion (Doc. 29) *in limine* is DENIED in part as to Murken's proffered testimony regarding preparation of Chadwicke's 2015 tax returns notwithstanding the limitation in paragraph 1(b). Denial of the government's motion is without prejudice to the government's right to object to Murken's testimony on this subject if Petrossi seeks to call Murken as a lay witness following the government's case in chief.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania