# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:17-CR-192 |
| v. | : (Chief Judge Conner) |
| **LOUIS F. PETROSSI,** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 5th day of March, 2018, upon consideration of the motion (Doc. 39) *in limine* by defendant Louis F. Petrossi ("Petrossi"), seeking to preclude certain testimony by the government's proposed expert and summary witness Thomas I. Carocci ("Carocci"), wherein Petrossi argues that Carocci's proffered testimony on securities markets terminology will invade the province of the court and may conflict with the final instructions given to the jury, (id. ¶¶ 22, 25),[1] and the motion having been fully briefed, (Docs. 39, 48, 51), and it appearing that a witness invades the province of the court when testifying as to the governing law in a case,

---

[1] Petrossi initially sought to exclude testimony as to the operation of and referral process between the Securities Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA"), arguing such testimony is not relevant and may prejudicially delve into how these entities investigate securities fraud. (Doc. 39 ¶¶ 22, 24). The government clarified that Carocci will not be asked to summarize Petrossi's disciplinary history with FINRA. (Doc. 48 at 4). The government also stated that it does not intend to elicit testimony from Carocci about investigation and prosecution of violations of securities laws conducted by FINRA and the SEC or investigative referrals between these entities. (Id. at 6). We will grant Petrossi's motion as to the agreed limitations on Carocci's testimony.

Petrossi also objected to Carocci's proffered summary testimony about purportedly voluminous number of securities purchase agreements and securities transfer documents between Chadwicke Partners LLC and Chadwicke Ventures LLC and related information concerning these entities and investors. (Doc. 39 ¶¶ 22, 26; see also Doc. 26 at 4). Petrossi withdraws this objection. (Doc. 51 ¶ 2).

but an expert may testify "concerning business customs and practices," <u>United States v. Fumo</u>, 655 F.3d 288, 303 (3d Cir. 2011), <u>as amended</u> (Sept. 15, 2011) (quoting <u>United States v. Leo</u>, 941 F.2d 181, 196 (3d Cir. 1991)), and that permissible testimony may touch on "applicable legal regulations " or ethics rules and laws, <u>id.</u> (citing <u>Berckeley Inv. Grp., Ltd. v. Colkitt</u>, 455 F.3d 195, 218-19 (3d Cir. 2006)), and the court concluding that Carocci may testify on securities markets terminology but may not opine on whether Petrossi "complied with legal duties that arose under the federal securities laws," <u>Berckeley Inv. Grp.</u>, 455 F.3d at 218, it is hereby ORDERED that:

1. Petrossi's motion (Doc. 39) *in limine* is GRANTED in part as follows:

    a. Carocci shall not testify at trial as an expert or summary witness on either Petrossi's disciplinary history with FINRA, or about FINRA's and the SEC's investigative, prosecutorial, or referral activities regarding violations of securities laws.

    b. Carocci may not testify as to Petrossi's legal obligations under the federal securities laws or whether Petrossi complied with any such legal duties.

2. Petrossi's motion (Doc. 39) *in limine* is otherwise DENIED. Denial of the remainder of Petrossi's motion is without prejudice to Petrossi's right to object to Carocci's testimony during trial pursuant to the Federal Rules of Evidence.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania