# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:17-CR-192** |
| v. : | (**Chief Judge Conner**) |
| **LOUIS F. PETROSSI,** : | |
| **Defendant** : | |

## ORDER

AND NOW, this 3rd day of April, 2018, upon consideration of the government's motion (Doc. 74) for preliminary order of forfeiture, and the court noting that defendant Louis F. Petrossi ("Petrossi") did not file an opposition thereto, and it appearing that the indictment sought forfeiture of any real or personal property constituting or derived from proceeds Petrossi obtained directly or indirectly as a result of the violations alleged in said indictment, and further provided that, should the described property have been dissipated by Petrossi prior to forfeiture, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), (see Doc. 1 ¶ 22), and it further appearing that Petrossi was tried before a jury of his peers and convicted on all charges in the indictment, (see Doc. 65), and the court having jurisdiction pursuant to 21 U.S.C. § 853, and recognizing that, per Federal Rule of Criminal Procedure 32.2(b)(1)(A), the court shall, "[a]s soon as practicable after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, . . . determine what property is subject to forfeiture under the applicable statute" and "[i]f the government seeks a personal money judgment, . . . must determine the

amount of money that the defendant will be ordered to pay," FED. R. CRIM. P. 32.2(b)(1)(A), and the court finding, based upon the jury verdict and the record at trial, that Petrossi acquired the property at issue—to wit: $1,170,940 in United States Currency—during the period of his violations of 15 U.S.C. § 78j(b), 15 U.S.C. § 80b-6, and 18 U.S.C. § 1343 and that there was no likely source for such property other than the violations of 15 U.S.C. § 78j(b), 15 U.S.C. § 80b-6, and 18 U.S.C. § 1343, and the court thus concluding that the property is subject to forfeiture because the government has established the requisite nexus between the property and the offenses, see FED. R. CRIM. P. 32.2(b)(1), it is hereby ORDERED that:

1. The government's motion (Doc. 74) is GRANTED as set forth in the following paragraphs.

2. The court has determined, based upon the jury's guilty verdict, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and that the government has established the requisite nexus between such property and such offenses.

    a. Petrossi personally obtained $1,170,940 in United States Currency through securities fraud in violation of 15 U.S.C. § 78j, investment adviser fraud in violation of 15 U.S.C. § 80b-6, and wire fraud in violation of 18 U.S.C. § 1343;

    b. Because Petrossi dissipated the above-described proceeds derived from his criminal violations, the United States may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of Petrossi's property up to the value of $1,170,940 in United States Currency.

3. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4. The United States shall have clear title to the subject properties, following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

5. Any claim filed with the seizing agency in an administrative proceeding and any petition filed in a related civil action are not a substitute for the claim that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

6. Upon adjudication of all third-party interests, the court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7. The court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8. The Clerk of Court shall provide certified copies of this order to Assistant U.S. Attorneys Mark E. Bini and John O. Enright, U.S. Attorney's Office, Eastern District of New York.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania