# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:17-CR-192 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LOUIS F. PETROSSI,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 29th day of May, 2018, upon consideration of the government's motion (Doc. 74) for preliminary order of forfeiture in the amount of $1,170,940 against defendant Louis F. Petrossi ("Petrossi"), and it appearing that the indictment sought forfeiture of any real or personal property constituting or derived from proceeds Petrossi obtained directly or indirectly as a result of the violations alleged in said indictment, and further provided that, should the described property have been dissipated by Petrossi prior to forfeiture, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), (see Doc. 1 ¶ 22), and it further appearing that Petrossi was tried before a jury of his peers and convicted on all charges in the indictment, (see Doc. 65), and the court having jurisdiction pursuant to 21 U.S.C. § 853, and recognizing that, per Federal Rule of Criminal Procedure 32.2(b)(1)(A), the court shall, "[a]s soon as practicable after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, . . . determine what property is subject to forfeiture under the applicable statute" and "[i]f the government seeks a personal money judgment, . . . must determine the amount of money that the

defendant will be ordered to pay," FED. R. CRIM. P. 32.2(b)(1)(A), and the court noting that Petrossi filed an opposition[1] to the motion wherein he argues: *first*, that the government miscalculated the forfeiture amount by failing to credit Petrossi with the 2% annual management fee for years 2017 and 2018 owed to Petrossi pursuant to the Chadwicke Ventures LLC subscription agreements, (Doc. 81 at 3-4); and *second*, that the government's forfeiture calculation of criminal proceeds received by Petrossi fails to credit him for the value of GROM Social (15,000 shares) and Search Initiatives, Inc. (100,000 shares) stock, obtained by Chadwicke Partners LLC at no cost thereto, as payment to Petrossi for lawful services rendered to the companies that transferred the stock, (id. at 4-7), and the motion having been fully briefed, (Docs. 74, 81, 82), and taking Petrossi's arguments in turn: *first*, the court observing that Petrossi was indicted in June 2017 in connection with the receipt and management of investor funds for which he now seeks credit in the form of a 2% annual management fee for the years 2017 and 2018, (see Doc. 1), and that the jury found that Petrossi was receiving and managing said investor funds from January 2015 through January 2017, (id. ¶¶ 7, 9, 15-16, 18; Doc. 65), and the court concluding that Petrossi is therefore not entitled to credit for the 2% annual management fee for the years 2017 and 2018 under the Chadwick Ventures LLC subscription agreements; and *second*, as to Petrossi's argument that the government's forfeiture calculation incorrectly fails to credit to Petrossi for the value of GROM Social and Search Initiatives, Inc. shares, the court finding that

---

[1] The court vacated its initial order granting the government's motion for preliminary order of forfeiture to allow Petrossi an opportunity to file a brief in opposition thereto. (Docs. 76, 78).

2

neither the government nor Petrossi has established a connection between these shares and the $1,811,000 in investor funds Petrossi placed in the Chadwicke Partners LLC bank account,[2] and the court concluding that any value ascribable to these stocks shall not be deducted from the criminal forfeiture amount,[3] and turning to the government's request for preliminary order for forfeiture, the court finding, based upon the jury verdict and the record at trial, that Petrossi acquired the property at issue—to wit: $1,170,940 in United States Currency—during the period of his violations of 15 U.S.C. § 78j(b), 15 U.S.C. § 80b-6, and 18 U.S.C. § 1343 and that there was no likely source for such property other than the violations of 15 U.S.C. § 78j(b), 15 U.S.C. § 80b-6, and 18 U.S.C. § 1343, and the court thus concluding that the property is subject to forfeiture because the government has established the requisite nexus between the property and the offenses, see FED. R. CRIM. P. 32.2(b)(1), it is hereby ORDERED that:

1. The government's motion (Doc. 74) is GRANTED as set forth in the following paragraphs.

---

[2] Petrossi acknowledges that these shares were "obtained at no financial cost to the [Chadwicke Partners LLC] but yet were obtained as a form of payment by virtue of services performed on behalf of [Petrossi] to the compan[ies] who transferred the stocks." (Doc. 81 at 4-5; see also Doc. 81-1 at 14). Petrossi does not assert that investor funds were used to purchase these stocks.

[3] The court emphasizes that the scope of this order is limited to the issue of preliminary forfeiture. Petrossi argues that he should be permitted to obtain fair market value for the GROM Social or Search Initiatives, Inc. stock and apply the proceeds towards his forfeiture judgment or any restitution ordered at sentencing. (Doc. 81 at 5-7). Nothing in this order should be construed as commenting on Petrossi's proposed uses of the stock. That issue is beyond the scope of the government's motion.

2. The court has determined, based upon the jury's guilty verdict, that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and that the government has established the requisite nexus between such property and such offenses:

   a. Petrossi personally obtained $1,170,940 in United States Currency through securities fraud in violation of 15 U.S.C. § 78j, investment adviser fraud in violation of 15 U.S.C. § 80b-6, and wire fraud in violation of 18 U.S.C. § 1343; and

   b. Because Petrossi dissipated the above-described proceeds derived from his criminal violations, the United States may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of Petrossi's property up to the value of $1,170,940 in United States Currency.

3. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4. The United States shall have clear title to the subject properties, following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

5. Any claim filed with the seizing agency in an administrative proceeding and any petition filed in a related civil action are not a substitute for the claim that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

6. Upon adjudication of all third-party interests, the court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7. The court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

8. The Clerk of Court shall provide certified copies of this order to Assistant U.S. Attorneys Mark E. Bini and John O. Enright, U.S. Attorney's Office, Eastern District of New York.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania