# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:17-CR-192** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LOUIS F. PETROSSI**, | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 2nd day of November, 2018, upon consideration of the motion (Doc. 110) by defendant Louis F. Petrossi ("Petrossi") requesting release pending appeal pursuant to 18 U.S.C. § 3143(b),[1] and it appearing that, under Section 3143(b), a convicted defendant must demonstrate by clear and convincing evidence that he is not likely to flee or to pose a danger to the community if released, see 18 U.S.C. § 3143(b)(1)(A), and further must demonstrate that his appeal is not for purpose of delay and "raises a substantial question of law or fact likely to result in" a new trial or reduced sentence, id. § 3143(b)(1)(B)(ii), and it also appearing that the substantial question requirement tasks the defendant to show that there exists in his case a "significant question at issue which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful," United States v. Miller, 753 F.2d 19, 23 (3d Cir. 1985), and to further show that said question "is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial," id., and the court observing that Petrossi raises several issues on appeal of his convictions in United States v. Petrossi, No.

---

[1] At the time Petrossi filed this motion, judgment in the matter *sub judice* had not yet been formally entered. Now that judgment has been entered, (Doc. 111), and Petrossi has filed a notice of appeal, (Doc. 113), the court will construe this motion as brought pursuant to 18 U.S.C. § 3143.

1:16-CR-234, Doc. 407 (E.D.N.Y. May 29, 2018) ("Petrossi I"), which he contends are substantial questions of law likely to result in vacatur of his conviction and a new trial, and that Petrossi contends his convictions in Petrossi I are related and intertwined with the offenses of conviction in the instant case, and the court noting that, in Petrossi I, Judge Brian M. Hogan issued a memorandum opinion denying Petrossi's motion for release pending appeal because "the Court [did] not believe that [Petrossi's] appeal [would] result in reversal or an order for a new trial," United States v. Petrossi, No. 1:16-CR-234, 2018 WL 5634928, at *3 (E.D.N.Y. Oct. 31, 2018),[2] and, moreover, the court independently concluding that Petrossi has not demonstrated a basis for release pending appeal under 18 U.S.C. § 3143(b) in the instant matter because Petrossi has not presented any significant questions which are novel, undecided by precedent, or fairly doubtful,[3] it is hereby ORDERED that Petrossi's motion (Doc. 110) for release pending appeal is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] The court has carefully reviewed Judge Hogan's decision and is persuaded by its *ratio decidendi*. The court notes that Judge Hogan is in the best position to evaluate the potential merits of Petrossi's appeal in Petrossi I after having presided over the trial in same.

[3] The court recognizes that Petrossi suffers from significant medical issues. Petrossi is currently scheduled to surrender at FMC Butner on Monday, November 5, 2018. (See Doc. 104 at 2). FMC Butner is a medical facility and cancer referral center capable of providing adequate medical services to Petrossi. We also note that Petrossi is under an independent order to report to FMC Butler issued in Petrossi I which remains in place, rendering any relief this court might provide moot.